IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                            Plaintiff,

  v.                                                                 ORDER

JOSEPH J. CICIONE,                           16-cr-101-jdp-2

                            Defendant.

---

Pursuant to defendant Joseph Cicione's plea agreement, he agreed to complete a financial statement that would be a "full and truthful accounting, including all available supporting documentation." Dkt. 115. The government's recommendation that Cicione receive full credit for acceptance of responsibility is contingent on this full and truthful accounting. Cicione has very substantial assets. But his financial disclosure so far is rather murky. I will give Cicione a chance to clear this up, because regardless of the government's recommendation, I will not be inclined to give him credit for acceptance of responsibility without a genuinely full and truthful accounting of his finances. And to be clear: the financial disclosure is Cicione's obligation, not the probation officer's.

Cicione has also objected to most of the relevant conduct cited in the report of the PSI. Dkt. 150. Many of the objections are factual, challenging the government's proof that this defendant participated in the distribution conspiracy. But Cicione also makes a legal objection: that even if Cicione participated in the conspiracy, those activities cannot be relevant conduct to the offense of conviction. In other words, Cicione contends that he should be sentenced as though he committed only offense charged, specifically the one delivery of three to five pounds of marijuana to Moser in May, 2013. If that's true, I am not

sure that the single offense of conviction adequately reflects the seriousness of Cicione's actual offense behavior. See U.S.S.G. §6B1.2(a).

I want the government's response to the legal objection before the sentencing hearing. And I want the government to let me know in advance what evidence I will have to evaluate in connection with the factual objections. I will reschedule the sentencing hearing to give Cicione time to supplement his financial disclosure and to give the government time to respond to Cicione's objections to the relevant conduct. I will make sure that we have a full afternoon for the sentencing hearing.

IT IS ORDERED that:

1. The government's response to Cicione's objections to the report of the PSI is due February 9, 2018.

2. Cicione's supplementation of its financial disclosure, if any, is due February 9, 2018.

3. The sentencing hearing is rescheduled to February 19, 2018, at 1:00 p.m.

Entered February 2, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge